UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE APPLICATION OF GRAHAM NORTON | Case No. 26-mc-80161-JST |
|  | **ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |
|  | Re: ECF No. 1 |

Before the Court is Graham Norton's ex parte application for a discovery order pursuant to 28 U.S.C. § 1782 in aid of a foreign proceeding.  ECF No. 1.  The Court will grant the motion.

## I.    BACKGROUND

Norton is "a comedian, broadcaster, actor and writer" who is known for hosting The Graham Norton Show.  ECF No. 1-3 ¶ 3.  His career has spanned more than three decades.  *Id.*  He is a citizen of Ireland and resides in England and Wales, where he has "lived and worked for the majority of [his] professional career."  *Id.* ¶ 2.

Norton contends that a Facebook page called "The Westminster Wire" (the "Account") has "been publishing a sustained campaign of false and harassing content about [him] since on or around 3 December 2025."  *Id.* ¶ 5.  He states in his declaration, "The Account posts multiple times per day, often targeting me with fabricated statements, AI-generated images placing me in false scenarios and false attributions of offensive, racist or otherwise deeply objectionable views and conduct."  *Id.* ¶ 6.  He furthers states:

> The Publications are almost entirely false and have not been authorised by me.  I have not made any of the statements attributed to me on the Account.  I have not been hospitalised.  I have not donated money to the causes described.  I do not hold, and have never expressed, the racist, xenophobic, anti-immigrant or otherwise divisive and hateful views attributed to me by the Account.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

*Id.* ¶ 7.

Norton seeks "to commence proceedings in the High Court of England and Wales against the person or persons responsible for operating the Account." *Id.* ¶ 13. To identify the Account operator(s), he seeks an order from this Court under 28 U.S.C. § 1782 granting leave to obtain limited discovery from Meta Platforms, Inc., which operates Facebook. Norton's counsel has attempted to obtain the information from Meta informally but, to date, has been unsuccessful. ECF No. 1-2 ¶¶ 10–12. Norton requests issuance of a subpoena for Meta to respond to two requests for production:

### REQUEST NO. 1

All documents showing any part of the following information ever registered with the Account:

(a) All names, addresses, e-mail addresses, telephone numbers and other contact methods such as social media handles;

(b) All names and addresses of all credit cards used by the Account (but not the credit card number, expiration date or card security code); and

(c) All names, addresses, telephone numbers and names of the payment methods (such as PayPal) for all non-credit card payment methods used by the Account.

### REQUEST NO. 2

All documents showing any part of the following information as of the date that the Account was created, and for the three-month period immediately preceding the date that you respond to this request:

(a) All access logs (i.e. IP addresses, corresponding port numbers, corresponding dates and times, and corresponding destination IP addresses) of the Account.

ECF No. 1 at 13–14.

## II.   LEGAL STANDARD

Three statutory requirements must be satisfied before a court may order discovery for use in a foreign proceeding under Section 1782: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application

is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). To satisfy the second requirement, the "foreign proceeding need not be 'pending' or even imminent' when the discovery is sought," as long as the proceeding "is 'within reasonable contemplation.'" *Id.* (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258–59 (2004)).

If the statutory requirements are satisfied, courts exercise discretion in determining whether to grant or deny the application. *Intel*, 542 U.S. at 264. Courts consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

"Applications pursuant to Section 1782 are customarily made ex parte. Parties can contest § 1782 subpoenas by motions to quash or modify the subpoenas." *In re Gliner*, 133 F.4th 927, 930 n.1 (9th Cir. 2025) (citation omitted).

## III.    DISCUSSION

### A.    Statutory Requirements

Norton's application satisfies Section 1782's statutory requirements. First, Meta is headquartered in Menlo Park, California, ECF No. 1-2 ¶ 4, which is located within this district. Second, Norton intends to use the discovery to initiate proceedings in the High Court of England and Wales—i.e., a foreign proceeding that is "within reasonable contemplation." *Intel*, 542 U.S. at 259. Third, and finally, Norton qualifies as an interested person because he is a prospective litigant. *Id.* at 256 (noting that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782" (alteration in original)).

### B.    Discretionary Factors

The first discretionary factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Id.* at 264. "[N]onparticipants in the foreign

United States District Court
Northern District of California

3

proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*  Because Norton does not intend to bring Meta into the foreign proceedings, this factor weighs in favor of granting the application.

The second factor evaluates "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." *Id.* at 264.  "Courts have held this factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts." *In re Canadian Imperial Bank of Com.*, No. 24-mc-80070-JSC, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024).  Norton's counsel has cited authority to support the proposition that "English courts are receptive to receiving evidence obtained from U.S. courts under Section 1782," ECF No. 1-2 ¶ 25–26, and the Court is unaware of any contrary authority.  This factor also weighs in favor of granting the application.

The third factor considers whether the application "conceals an attempt to circumvent" proof-gathering restrictions in the United Kingdom. *Intel*, 542 U.S. at 265.  "[A]bsence of evidence of attempted circumvention" weighs in favor of granting the application. *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1021 (N.D. Cal. 2023).  No such evidence is present here. To the contrary, Norton's counsel is "not aware of any restrictions under English law on proof-gathering that would prohibit obtaining the discovery sought through this Application." ECF No. 1-2 ¶ 27.  Accordingly, this factor weighs in favor of granting the application.

Finally, the fourth factor evaluates whether the requested information is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  Norton seeks documents that identify the operator(s) of the Account that allegedly violated his rights, and such information is necessary for him to bring his anticipated claims.  The requests are "narrowly tailored" and "not overly intrusive." *In re S.T.*, No. 25-mc-80102-NW, 2025 WL 1533133, at *4 (N.D. Cal. May 29, 2025) (granting similar request to serve Meta with subpoena to obtain information about anonymous Instagram account holders who sent allegedly inappropriate messages to the applicant).  This factor therefore also weighs in favor of granting the application.

United States District Court
Northern District of California

United States District Court
Northern District of California

In sum, all of the statutory requirements are met, and the discretionary factors favor granting the application.

**CONCLUSION**

For the foregoing reasons, the Court grants Norton's application for an order allowing discovery under 28 U.S.C. § 1782.  Norton may serve the requested subpoena on Meta subject to the following conditions:

1.  When Norton serves the subpoena, he must provide Meta with a copy of this order.

2.  If Meta seeks to file a motion to quash or modify, it shall do so within 14 days of service.  Otherwise, Meta shall, within the same time period, provide a copy of the subpoena and this order to all person(s) whose information would otherwise be produced in response to the subpoena.

3.  Any motions to quash or modify by those person(s) must be filed within 28 days of service of the subpoena on Meta.

4.  The filing of a motion to quash or modify will stay production until the Court has an opportunity to rule on the motion.  Meta shall preserve the responsive information sought by the subpoena pending resolution of the motion.

5.  If no motion to quash or modify is filed, then Meta shall produce the responsive information within 35 days of service of the subpoena on Meta.

The Clerk shall close the file.  The case will be automatically reopened if a motion to quash or modify the subpoena is filed.

**IT IS SO ORDERED.**

Dated:  June 12, 2026



_____
JON S. TIGAR
United States District Judge